**UNITED STATES of America**

v.

**Coleman H. DYKES, d/b/a Dykes & Gerhardt and Firemen's Fund Indemnity Company of San Francisco, California.**

Civ. No. 2511.

United States District Court
E. D. Tennessee, N. D.

Jan. 15, 1960.

John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn., for the United States.

Hugh C. Simpson, Knoxville, Tenn., for Dykes.

R. R. Russell, Knoxville, Tenn., for Bonding Co.

ROBERT L. TAYLOR, Chief Judge.

This suit was brought by the Government against defendant and his bonding company to recover the excess cost to the Government of completing Contract No. AT–40–1–Gen–50 for repairing 1,000 kitchen drainboards in Oak Ridge, which Contract defendant entered upon but which the Government terminated because a substantial amount of the work done was unacceptable.

The amount sued for was $6,294.91. Defendant filed a counterclaim which was dismissed by order of the Court in a memorandum delivered from the bench on September 8, 1955. Following the Pretrial Conference this Court concluded that the parties had not exhausted the procedure provided for in Article 15 of the Contract and on September 23, 1955 remitted the parties to further proceedings thereunder "to determine the amount of excess cost incurred by the Government by reason of terminating the Contract. * * *"

Pursuant to that Order, a hearing was held before the Advisory Board of Contract Appeals and on September 4, 1959 it handed down Findings of Fact and recommended "that it be recognized that the Government has a valid claim against the Contractor for $5,192.04." A Memorandum of Decision adopting the recommendation of the Advisory Board of Contract Appeals in the amount of $5,192.04 and remanding the matters to this Court was subsequently executed by Robert Hollingsworth, Deputy General Manager of the Atomic Energy Commission.

At the hearing before this Court, defendant questioned only one item of the award, that for $2,230.84, which constituted the cost to Roane-Anderson Company of the completion of the work on 339 drainboards which had not been satisfactorily completed by defendant.

Its objection to this item is that it was based on secondary records which were unreliable and unsatisfactory.

Under Title 41, U.S.C.A. § 321, the decision of the Advisory Board "shall be final and conclusive unless the same if fradulent (sic) or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence."

This Court has considered the objection in the light of the record, and of the brief and oral argument of defendant. The Advisory Board considered these same objections and the reliability of the records and of the audits made both before and following the Order of this Court. It found the records and audits adequate.

This Court has not found in the record, nor has it had called to its attention, the slightest evidence of fraud, caprice or bad faith on the part of the Board. And after examining the sample primary records which were in the record and the secondary records upon which the Board based its opinion, this Court concludes that only good business judgment was involved in the destruction of the primary records and that the secondary records were made in the regular course of business and are reliable and satisfactory evidence of the costs found by the Advisory Board.

The motions of the defendant, (1) to dismiss the suit and (2) for a decree adjudging that the first breach of contract was committed by plaintiff and disallowing excess costs plaintiff incurred thereon, are denied.

The motion of the United States of America for entry of a judgment against defendant, Coleman Dykes, d/b/a Dykes & Gerhardt, and Firemen's Fund Indemnity Company of San Francisco, California, surety on the performance bond of Coleman Dykes in the amount of $5,192.04, is granted.

A judgment will be prepared and entered granting plaintiff's motion for a judgment in the amount of $5,192.04, and denying the two motions of defendant.